UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JONATHAN S. MADORSKY, | ) | CASE NO. 1:06 CV 0123 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOHN DOES 1-10, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Before the court is pro se plaintiff Jonathan S. Madorsky's second amended complaint filed in forma pauperis on April 17, 2006.[1] This complaint alleges violations of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"),15 U.S.C. § 7704, and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. Mr. Madorsky names the following party defendants: Douglas Scott, Markcom S.A.,

---

[1] Since an amended pleading supersedes the original, facts not incorporated into the amended pleading are considered functus officio. See 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1476 (2d ed. 1990); Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306-07 (6th Cir.2000) (when a plaintiff files amended complaint, new complaint supersedes all previous complaints and controls the case from that point forward)(citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir.2000); Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir.1998).

Drugstores.Com, Pinnacledrugstore.net, 1TO1Drugstore.com, George Wells, International Meds, Spendlesson-drugs.com, Trever Neves, RXPharmacydepot.com, Maepharmacy.com, Worldmeds, Refillsearch.com, Jennifer Jennings, Overnightfast5.com, Darroll Hornbuckle, Trendymeds.com, Overnightfast1.com, Kyle D. Belmont, Fantasticgenericdrugs.com, Overnightfast6.com, Rxpillcompany4.com, Fancyrxshop.com, Fantasticrxsite, Toprx.org, Robert Catts, Rxpillcompany2.com, Goodrxshop.com, Rxpillcompany1.com, Rxpillcompany.net, Rxpillcompany5.com, Greatgenericdrugs.com, DDDWorldmeds.com, Sarah Kello, Reorderdepot.com, Rxpillcompany3.com, Brainymj.com, Ed Choice, Humblerrxshop.com, Rxordernow.org, Rxordernow.com, Rxlane.com, Bob Smith, Rxoredernow10.com, Onlinedrugshopping.com, Rxordernow8.com, Onlinemedshopping.com, Overnightfast12.com, Overnightfast16.com, Overnightfast3.com, Greundld.com, Thebestmedsforyou.com and Rxordernow21.com and John Does 1 d/b/a "The Medication Spammers."

Mr. Madorsky seeks preliminary and permanent injunctive relief enjoining the defendants from directly or indirectly sending unsolicited commercial e-mail, special damages in an amount to be proven at trial, treble damages, $200.00 in statutory damages "under the Consumer Sales Protection Act" and punitive damages amounting to $1,000,000.00.

*Relevant Facts*

Mr. Madorsky describes himself as "a natural person residing in Cleveland, Ohio . . . and . . . a Consumer pursuant to Ohio Revised Code § 1345.01." (Am. Compl. at 11.) He alleges that the defendants initiated the transmission, "to a protected computer," of commercial electronic mail messages that contained header information that was materially false or materially misleading. Moreover, the defendants engaged in a pattern or practice involving repeated instances

of the following actions:

> Defendants initiated the transmission to a protected computer of a commercial electronic mail message, while having actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that the subject heading of the message would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

(Am. Compl. at 24-25.) The acts of which he complains include "millions" of unsolicited commercial e-mails which have been sent since January 1, 2004 by the defendants to his computer The Medication Spammers allegedly sent illegal e-mails advertising websites from which consumers can purchase prescription drugs. These websites include, but are not limited to: Drugstore5.Com, Pinnacledrugstore.net, 1TO1Drugstore.com, Spendlesson-drugs.com, pharmgroup, rxfleet1.com, RXPharmacydepot.com, and Maepharmacy.com

Finally, he alleges general and aggravated violations of the CAN-SPAM Act and the Computer Fraud and Abuse Act, 18 U.S.C. §1030 et seq.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319

---

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## *CAN-SPAM ACT*

Congress enacted the CAN-SPAM after determining that there is a substantial Governmental interest in the regulation of commercial electronic mail on a national basis. See 15 U.S.C. § 7701(b)(1). Its purpose was to address the presumption that recipients of unsolicited commercial electronic mail, or "SPAM," should not be misled by senders as to the content of such mail, and that recipients should have the right to decline further receipt of such commercial messages. See 15 U.S.C. §7701(b)(3). Thus, Congress established that "[i]t is unlawful for any person to initiate the transmission, to a protected computer, of a commercial electronic mail message, or a transactional or relationship message, that contains, or is accompanied by, header information that is materially false or materially misleading." 15 U.S.C. § 7704(a)(1).

Under the summary of provisions outlined in Senate Report 877, Senator John McCain noted both a consumer's rights under the Act and how the provisions of the Act would be enforced, as follows:

> [the Act] aims to address the problem of spam by creating a Federal statutory regime that would give consumers the right to demand that a spammer cease sending them messages, while creating civil and criminal sanctions for the sending of spam meant to deceive recipients as to its source or content. Under the legislation, enforcement would be undertaken by the FTC and, in some cases, industry-specific regulatory authorities

S. Rep. No.108-102 , at 7 (2003). Thus, while it is clear that consumers have the statutory right to demand that spammers discontinue the transmission of unsolicited mail messages, see 15 U.S.C. §

4

7701(b)(3), the provisions of the CAN-SPAM are to be enforced by the Federal Trade Commission (FTC). See 15 U.S.C.§ 7706(a)("chapter shall be enforced by the Commission as if the violation of this chapter were an unfair or deceptive act or practice proscribed under section 57a(a)(1)(B) of this title."); see also AM JUR. 2D Computers and the Internet §§13 & 88 (2005). Therefore, there is no provision in the statute that gives Mr. Madorsky standing to file a private cause of action under the CAN-SPAM Act.

*Computer Fraud and Abuse Act*

The Computer Fraud and Abuse Act (CFAA) provides a civil remedy for one who suffers damage by reason of a violation of the Act. 18 U.S.C. § 1030(g). Section 1030(g) provides that a civil action may only be brought if the conduct involves one of the factors set forth in clause (i), (ii), (iii), (iv) or (v) of subsection (a)(5)(B). 18 U.S.C. §1030(g). Here, the only applicable section of the act provides that whoever:

> knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period

18 U.S.C. § 1030(a)(4)(2006). Notwithstanding the obvious fact that Mr. Madorsky has not set forth what 'object of value' the defendants have obtained from him without authorization, the limited case law available in this area supports the conclusion that all injuries under § 1030(g) are subject to § 1030(e)(8)'s $5,000 threshold, whether termed "damage" or "loss."[3] In Letscher v. Swiss

---

[3]Under the statute, "the term 'damage' means any impairment to the integrity or availability of
(continued...)

5

Bank Corp., No. 94 Civ. 8277, 1996 WL 183019 (S.D.N.Y. April 16, 1996), the district court of New York dismissed a former employee's claim that his employer violated the CFAA by allegedly procuring his personal credit report without authorization. The employee claimed that Swiss Bank's violation "caused him to 'invest[ ] his time, money, and talent requesting reports, making telephone calls, and writing letters causing him emotional distress and anguish.'" Id. 1996 WL 183019 at *2. The "time, money, [ ] talent, and [efforts]" for which Mr. Letscher sought compensation were clearly "losses" to him, not compensation for "damage" to the integrity of his data or computer. Nevertheless, the district court held that Mr. Letscher's losses were still subject to § 1030(e)(8)(A)'s $5,000 threshold and dismissed his claim finding that these losses were not "economic." Id.

In America Online, Inc. v. LCGM, 46 F.Supp.2d 444, 451 (E.D.Va.1998), America Online, Inc. ("AOL") alleged that LCGM secretly collected AOL members' email addresses without AOL's authorization and then employed deceptive techniques to spam AOL members. The facts in AOL v. LCGM are analogous to the hypothetical in Senate Report No. 101-544 that illustrated the difference between "loss" and "damage." See S. Rep No. 101-544 (1990) ("Damages [under § 1030(e)(8) (A) ] are limited to economic damages, except for violations of the medical records section, when pain and suffering damages would be permitted.") In AOL, the court found that there was no "damage" to the function of AOL's system or the data within it, only plaintiff's "loss" from defendant's trespass. Nonetheless, the court required a finding that AOL's losses exceeded "$5,000,

---

³(...continued)
data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). The term "loss" is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11).

the statutory threshold requirement," before it granted summary judgment. Id. at 450. Thus, Mr. Madorsky's alleged injuries, whether described as "damage" or "loss," are subject to § 1030(e)(8)(A)'s $5,000 threshold, of which he has clearly fallen short. Beyond his request for punitive damages, he asserts a vague "loss or damage . . . or a value aggregating $1,000 or more during the applicable one year period." For reasons outlined above, Mr. Madorsky must meet the jurisdictional threshold in order to sue on any CFAA claim he asserts. Theofel v. Farey-Jones, 341 F.3d 978, 986 n. 5 (9th Cir. 2003). Having failed to do so, his CFAA claim is dismissed.

Based on the foregoing, Mr. Madorsky's motion to proceed in forma pauperis is granted and this action is dismissed pursuant to §1915(e). Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: June 8, 2006                          s/   James S. Gwin
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE